**In re MASSACHUSETTS GAS & ELECTRIC LIGHT SUPPLY CO., INC., Debtor.**

**Joseph BRAUNSTEIN, as he is Trustee in Bankruptcy of Massachusetts Gas & Electric Light Supply Co., Inc., Plaintiff,**

v.

**BRANCH GROUP, INC., and Branch Electric Supply Co., Inc., Defendant.**

Bankruptcy No. 92–17776–CJK.
Adversary No. A94–1462.

United States Bankruptcy Court,
D. Massachusetts.

Sept. 3, 1996.

---

Victor Bass, Boston, MA, for Defendants.

Seth H. Salinger, Boston, MA, for Plaintiff.

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

CAROL J. KENNER, Chief Judge.

By the motion before the Court, the Plaintiff, Joseph Braunstein, as he is trustee in this case under Chapter 7 of the Bankruptcy Code, seeks summary judgment with respect to Counts VII and VIII of his complaint in this adversary proceeding. Counts VII and VIII recite that after the Debtor commenced this case, Defendant Branch Electric Supply Co. ("Branch") setoff amounts it owed the Debtor against amounts the Debtor owed to Branch, that these setoffs were effected without relief from the automatic stay, and, therefore, that the setoffs were ineffective, such that Branch remains obligated to the Debtor for the amounts it owed before the setoffs. On the basis of these allegations, he seeks an order under 11 U.S.C. § 549(a) avoiding the setoffs as unauthorized postpetition transfers.[1] In response, Branch argues that setoffs are not "transfers" within the meaning of 11 U.S.C. §§ 549(a) and 101(54) (defining "transfer"). The Court agrees and therefore holds that the Counts VII and VIII fail to state claims for relief under § 549(a).

## JURISDICTION

Counts VII and VIII of the complaint concern adjustment of the debtor-creditor relationship and seek recovery of allegedly unauthorized postpetition transfers of property of the estate. In both respects, they are core proceedings. 28 U.S.C. § 157(b)(2). The Bankruptcy Court has authority to enter appropriate orders and judgments as to them.[2] 28 U.S.C. § 157(b)(1).

## DISCUSSION

Section 549(a) permits a trustee to avoid "a transfer of property of the estate" that occurs after the commencement of the case and is not authorized either under the Bankruptcy Code or by the court. 11 U.S.C. § 549(a).[3] The Bankruptcy Code defines transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption." Under this definition, it is not clear whether a setoff constitutes a transfer. A setoff involves no disposition of funds and often not even an adjudication; it often consists of nothing more than an accounting adjustment and thus might properly be characterized as a non-event. On the other hand, it can be viewed as the application of an asset of the debtor, its claim against the creditor, in satisfaction of the creditor's reciprocal claim against the debtor. In so appropriating a claim, a setoff might be deemed a disposition of that claim and thus a transfer.

This ambiguity justifies recourse to the legislative history. The legislative record reveals that Congress grappled with whether it should include setoff in the definition of transfer. The House bill expressly included setoff in the definition.[4] The House Report

---

1. The complaint itself does not clearly indicate what relief the Trustee seeks on the basis of these allegations. In his motion for summary judgment, the Trustee clarifies that he seeks by these counts to avoid the setoffs as unauthorized postpetition transfers.

2. The Trustee agrees that these counts are core proceedings. The Defendants deny that these are core proceedings but nonetheless consent to the entry of final orders and judgment on these and all counts by the Bankruptcy Court.

3. Section 549(a) states:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property—
    (1) that occurs after the commencement of the case; and
    (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
    (B) that is not authorized under this title or by the court.
11 U.S.C. § 549(a).

4. The House definition stated:
"transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, or disposing of or parting with property or with an interest in property, in-

explained: "Setoff is added to the definition for convenience and to avoid confusion. The definition is broad enough to encompass set-off, but because setoff is somewhat different and may generate conflicting interpretations without inclusion, its inclusion is made explicit." H.R. Rep. No. 595, 95th Cong., 1st Sess 314 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6271. This approach would have subjected setoffs, along with other transfers, to the preference avoidance rules of § 547(b) of the Code.

The Senate took a different tack. Its bill followed the House's definition of transfer in all respects but the one at issue here: it made no mention of setoff.[5] In the reconciliation process, the two houses ultimately agreed to follow the Senate's approach, adopting the language that, with the exception of the present final clause, now constitutes 11 U.S.C. § 101(54).[6] Identical statements by Representative Edwards and Senator DeConcini, the House and Senate sponsors of the bills, indicate not only that the express inclusion of setoff in the House bill is deleted, but also that their intent was that transfer shall not include setoff:

> Section 101(40) defines "transfer" as in the Senate amendment. The definition contained in H.R. 8200 as passed by the House included "setoff" in the definition of "transfer." Inclusion of "setoff" is deleted. The effect is that a "setoff" is not subject to being set aside as a preferential "transfer" but will be subject to special rules.

124 Cong.Rec. H11090 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); 124 Cong. Rec. S17407 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini). Thus the legislative intent was to exclude setoff from the definition of transfer. Transfer should be construed

accordingly. Therefore, Counts VII and VIII fail to state claims for relief under § 549(a),[7] and the Plaintiffs' motion for partial summary judgment as to these counts must be denied.

### ORDER

For the reasons set forth above, the Plaintiff's Motion for Partial Summary Judgment on Counts VII and VIII of the Complaint is hereby DENIED.

---

cluding retention of title as a security interest, and setoff.
H.R. 8200, 95th Cong., 1st Sess. (1977).

5. The Senate definition stated:
   "transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest.
   S. 2266, 95th Cong., 2d Sess. (1978).

6. The only modification of the definition since enactment of the Bankruptcy Reform Act of 1978 was the addition of the final clause, specifying

that transfer shall include foreclosure of the debtor's equity of redemption.

7. The Court does not hold that the Trustee is entitled to no relief on the basis of the facts alleged, such as damages for effectuation of set-off in violation of the automatic stay, a declaration that setoff is unavailable with respect to the debts at issue, and judgment for the amounts owing. As to these issues, the Court expresses no opinion.